# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

CHARLES R. TAYLOR,           )
                             )
        Plaintiff,           )
                             )
v.                           )    Case No. CIV-12-279-FHS-KEW
                             )
CAROLYN W. COLVIN, Acting    )
Commissioner of Social       )
Security Administration,     )
                             )
        Defendant.           )

## REPORT AND RECOMMENDATION

Plaintiff Charles R. Taylor (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 2, 1962 and was 47 years old at the time of the ALJ's latest decision.  Claimant completed his education through the eleventh grade.  Claimant has worked in the past as a welder, a railroad switch tender, a construction worker, and a livestock market worker.  Claimant alleges an inability to work beginning July 14, 2000 due to limitations resulting from

headaches, dizziness, chest pains, circulation problems in his legs, raised arteries in his neck, and lyme disease.

## Procedural History

The procedural history of this case is extensive. Claimant first applied for benefits and received an unfavorable decision on May 25, 2001. The Appeals Council denied review of the decision in August of 2001. Claimant filed a second application on May 30, 2001 but received an unfavorable decision on June 10, 2002. The Appeals Council again denied review.

On September 27, 2002, Claimant filed his current applications for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*) of the Social Security Act. Claimant asserted an onset date of July 14, 2000. Claimant's applications were denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on July 9, 2004. On October 25, 2005, the Appeals Council vacated the decision and remanded the case for further administrative proceedings.

While the appellate process was ongoing, Claimant filed additional subsequent applications for disability and supplemental

security income benefits in August of 2004. The Appeals Council ordered that these applications be associated with Claimant's piror applications which had been remanded to the ALJ.

On remand, the ALJ conducted a supplemental hearing. On July 27, 2006, the ALJ then issued another unfavorable decision on Claimant's applications. The Appeals Council denied review. On appeal to this Court, the ALJ's decision was reversed and the case remanded for further administrative proceedings on March 26, 2009.

On remand, ALJ Osly F. Deramus conducted a supplemental hearing. On December 17, 2009, the ALJ issued yet another unfavorable decision. On June 6, 2012, the Appeals Council declined to review the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

In response to a subsequent application, the Commissioner determined Claimant was disabled beginning July 28, 2006 for the purpose of receiving supplemental security income.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform a full range of sedentary work for the period after June 11, 2002 through July 27,

5

2006.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) ignoring probative medical evidence related to Claimant's mental impairments; (2) failing to perform the required analysis of Claimant's mental impairments; (3) ignoring and rejecting the opinion of the consultative examiner, Dr. Karathanos; (4) reaching an RFC which was not based upon substantial evidence; and (5) failing to consider the third party statements and testimony provided by Claimant's family and neighbors when analyzing Claimant's credibility.

**Evaluation of Claimant's Mental Impairments**

In his decision, the ALJ determined Claimant suffered from the severe impairments of lumbar degenerative disc disease and right knee degenerative joint disease. (Tr. 874). The ALJ also found Claimant retained the RFC to perform a full range of sedentary work. Id. He concluded that a finding of not disabled was mandated by the application of Medical-Vocational Rule 201.25. (Tr. 881).

Claimant first contends the ALJ ignored evidence of mental impairments which were contained in the medical record. Claimant was treated by Dr. Michael J. Irvin in July and August of 2003 for

6

anxiety for which he was prescribed medication. (Tr. 394-97). On February 9, 2004, Claimant was also treated by Dr. G.V.N. Murty for "spells of anxiety and nervousness" and resulting itching. (Tr. 703).

On March 25, 2004, Claimant reported to Dr. Murty that he was having spells of anxiety and nervousness with uncontrolled scratching of a skin rash. Claimant had scratch marks and a rash over his forearms and wrists. Claimant was diagnosed with dermatitis, degenerative disc disease, lumbosacral spine, and chronic anxiety neurosis. Dr. Murty began treating the anxiety with Valium. (Tr. 702). On April 26, 2004, Dr. Murty continued Claimant's treatment of anxiety with Valium.

On August 2, 2004, Dr. Murty believed Claimant suffered from OCD and had been scratching himself. He began a trial of Prozac and Valium to address the condition. (Tr. 697).

On November 1, 2004, Claimant complained to Dr. Murty that he was nervous and anxious because his son had been dysfunctional in school. Dr. Murty maintained his diagnosis of OCD and chronic anxiety neurosis. (Tr. 695). On November 30, 2004, Claimant told Dr. Murty that he had not been scratching himself since the dosage of Prozac had been increased. (Tr. 694).

On November 29, 2004, Claimant was evaluated by Dr. Robert F.

Goldstein, a neurologist. He concluded Claimant might have possible somatization and/or conversion reaction overlay. (Tr. 689).

On January 28, 2005, Claimant continued to report anxiety and nervousness. Dr. Murty maintained his diagnosis of OCD and continued his treatment with Valium. (Tr. 692). This diagnosis and treatment continued into February of 2005. (Tr. 693).

On February 20, 2007, Dr. Laura Lochner completed a Psychiatric Review Technique form on Claimant. She concluded Claimant met Listing 12.04A and B due to his affective disorder and somatoform disorder. (Tr. 966). Dr. Lochner's assessment covered the period from July 28, 2006 through the date of the report, February 7, 2007. Id. Dr. Lochner determined Claimant was markedly limited in the area of difficulties in maintaining social functioning and moderately limited in the areas of restriction of activities of daily living and difficulties in maintaining concentration, persistence, or pace. (Tr. 976). In her narrative, Dr. Lochner stated Claimant was diagnosed with major depression and a pain syndrome associated with both psychological factords and a general medical condition. Claimant was recognized as having a history of anxiety and depression since August of 2005. (Tr. 978).

Although Claimant's counsel pointed out this evidence and Dr.

Lochner's findings at the supplemental hearing, the ALJ failed to consider them in his decision. (Tr. 1009-12).

The ALJ is not required to discuss every piece of evidence. But it is clear that, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-1010 (10th Cir. 1996)(citations omitted). The ALJ failed to consider probative evidence of significant limitations in mental abilities. On remand, the ALJ shall consider the totality of the evidence concerning Claimant's mental impairments and the limitations upon his ability to engage in basic work activity that they impose.

### Analysis of Mental Impairments

Claimant also contends the ALJ failed to follow the technique under 20 C.F.R. §§ 404.1520a and 416.920a in analyzing his mental impairments. The ALJ is required to follow the procedure for determining mental impairments provided by regulation. 20 C.F.R. §§ 404.1520a, 416.920a; *See*, Listing of Impairments. The procedure must be followed for the evaluation to be considered valid. <u>Andrade v. Sec. of Health & Human Services</u>, 985 F.2d 1045, 1048 (10th Cir. 1993). The ALJ must first determine whether there are

9

medical findings of mental impairment especially relevant to the ability to work found in Part A of the Listing of Impairments. 20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2). Additionally, Claimant must show he satisfies two of the following required restrictions: (1) marked restriction in activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00C, 12.04. The ALJ must then either evaluate the degree of functional loss resulting from the impairment, using the Part B criteria, or examine the special criteria set forth in the listings for evaluating the severity of particular impairments.

Clearly, the ALJ failed to follow this special technique since he failed to properly assess the evidence pertaining to Claimant's mental limitations. On remand, the ALJ shall follow the criteria required for the evaluation of Claimant's mental impairments.

### Rejection of Dr. Karathanos' Opinion

Dr. Michael Karathanos performed a consultative examination on Claimant on February 22, 2006. (Tr. 747-48). Additionally, he completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) form. He concluded Claimant was limited to

10

lifting/carrying occasionally up to 20 pounds and frequently 10 pounds, standing/walking for at least two hours in an 8 hour workday, sitting for about 6 hours in an 8 hour workday but adding the requirement that Claimant be able to periodically alternate sitting and standing to relieve pain or discomfort, and no pushing or pulling. He also found Claimant could only occasionally climb, kneel or stoop. (Tr. 749-51).

While recognizing and apparently adopting the report, the ALJ did not address all of the limitations contained in it. In particular, the ALJ did not include the requirement to alternate sitting and standing. (Tr. 874). An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall consider the totality of the restrictions provided by Dr. Karathanos and provide a basis for rejecting any findings of limitation which he does not adopt.

### RFC Determination

Considering the failure to consider Claimant's mental impairments and the limitations arising therefrom as well as the additional physical restriction by Dr. Karathanos, the ALJ shall re-evaluation his RFC determination on remand with these additional

11

limitations considered.

## Credibility Determination

Claimant asserts the ALJ failed to consider the third party statements provided by Claimant's family and neighbors in evaluating Claimant's credibility. Statements supportive of Claimant's restrictions in daily living activities were provided by Claimant's mother, next door neighbor, and niece. (Tr. 331-32, 334, 845-49). The ALJ's decision does not reflect that he considered the statements by Claimant's mother and neighbor. While he is not required to make written findings as to the credibility of third party statements, the ALJ's decision must reflect that he considered the testimony. Blea v. Barnhart, 466 F.3d 903, 915 (10th Cir. 2006). On remand, the ALJ shall consider all of the third party statements in assessing Claimant's credibility as to th level of limitation that his conditions impose.

## Award of Benefits

While Claimant suggests that this case should be remanded with direction to award benefits, this Court declines to do so at this time until the ALJ has had an opportunity to address the totality of the evidence in the medical record. This Court is mindful of the tortured procedural history of Claimant's request for benefits which may bear upon any future appeal should one return to this

Court.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2014.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE